# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP
80 Main Street, Suite 460
West Orange, NJ 07052
973- 325-8800
File No.: 03-017487-B04
Douglas McDonough, Esq.
Attorney ID: DM0973

DMcDonough@flwlaw.com
Attorney for The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates Series 2005-62, Secured Creditor

Order Filed on September 16, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: **18-30162-VFP**

Chapter 13

Judge Vincent F. Papalia

In Re:

**Frank Avella**

Debtor(s).

## ORDER RESOLVING OBJECTION TO CERTIFICATION OF DEFAULT

Recommended Local Form Modified

The relief set forth on the following pages, numbered two (2) through four (4) is

**ORDERED**.

**DATED: September 16, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Debtor: Francis D. Avella aka Frank Avella
Case No.: 18-30162-VFP
Caption of Order: Order Resolving Objection To Certification Of Default

---

Upon the Objection of Francis D. Avella aka Frank Avella (the "Debtor") to the Certification of Default of The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates Series 2005-62 (the "Movant") under Bankruptcy Code section 362(d) for relief from the automatic stay (the "Certification") as to certain real property commonly known as 1312 43rd Street, North Bergen, NJ 07047 (the "Collateral"), , and the Court having considered the submissions of the parties, and argument, if any, and for cause shown, it is ORDERED

1. That the Objection to the Certification of Default is sustained, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter

2. That the stay shall continue against the Collateral, subject to the following conditions:

3. The status of Post-Petition Arrearages is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amount Delinquent |
|---|---|---|---|---|
| 6 | March 2021 | August 2021 | $3,372.83 | $20,236.98 |
| Less post-petition partial payments (suspense): | | | | ($1,499.16) |

**TOTAL POST PETITION ARREARAGES:**                            **$18,737.82**

4. Debtor(s) shall cure all Post-Petition Arrearages outlined in Paragraph 3, above, as follows:

Debtor: Francis D. Avella aka Frank Avella
Case No.: 18-30162-VFP
Caption of Order: Order Resolving Objection To Certification Of Default

---

    a. Debtor is to pay the post-petition arrearage through the Chapter 13 Plan, by increasing payments to the Chapter 13 trustee to the amount of $1,840 per month for fifty-one (51) months starting August 2021.

    b. Debtor shall not otherwise be required to file a modified chapter 13 plan.

5. Beginning in September 2021, Debtor(s) shall resume making regular monthly mortgage payments.

    a. Regular payments in the amount of $3,395.41, and any additional amount as required or allowed by the Note and Security Instrument are to be paid on or before they become due.

    b. Payments should be sent to:

> Select Portfolio Servicing, Inc.
> Attn: Remittance Processing
> P.O. Box 65450
> Salt Lake City, UT 84165-0450

6. If any payments outlined in this Order, or any regular monthly payments which come due according to Movant's Loan Documents, for the life of the bankruptcy are not made within thirty (30) days of the date the payment is due, then the Movant may obtain an Order Vacating the Automatic Stay as to the Collateral by filing with the Bankruptcy Court a Certification of Default specifying the failure to comply with this Order.

7. That in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed.R.Bank.P. 4001(a)(3) may be waived.

8. In the event this case is converted to Chapter 7, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion to bring the account contractually current.

Debtor: Francis D. Avella aka Frank Avella
Case No.: 18-30162-VFP
Caption of Order: Order Resolving Objection To Certification Of Default

    a. If the loan is not brought current after conversion, Movant may file a Certification of Default with the Court.

9. This Order survives any loan modification between the Movant and the Debtor(s) agreed to and executed during the instant bankruptcy proceeding.

    a. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, Movant may file a Certification of Default with the Court.

10. Any Certification of Default filed pursuant to the Order shall be served on the Trustee, the Debtor(s) and Counsel for the Debtor(s).